Case 4:21-cv-02160   Document 21   Filed on 07/27/22 in TXSD   Page 1 of 18

United States District Court
Southern District of Texas
**ENTERED**
July 27, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KEVIN L.,[1] <br><br> *Plaintiff,* <br><br> v. <br><br> KILOLO KIJAKAZI,[2] <br> Acting Commissioner of Social Security, <br><br> *Defendant.* | No. 4:21-cv-2160 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Kevin L. ("Plaintiff") filed this suit seeking judicial review of an administrative decision. ECF No. 1. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's claim for disability insurance benefits ("DIB") under Title II and supplemental security income ("SSI")

---

[1] Pursuant to the May 1, 2018 "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions" issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court uses only Plaintiff's first name and last initial.

[2] The suit was originally filed against Andrew Saul, the then-Commissioner of the Social Security Administration ("SSA"). Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi has been automatically substituted as Defendant.

1

under Title XVI of the Social Security Act ("the Act").³ The Parties filed cross-motions for summary judgment, Pl.'s MSJ, ECF No. 15; Def.'s MSJ, ECF No. 19, and Plaintiff filed a reply. Pl.'s Reply, ECF No. 20. Plaintiff seeks an order remanding the case for an award of benefits or further consideration, arguing that the ALJ's Residual Functional Capacity ("RFC") is not supported by substantial evidence because the ALJ applied the incorrect legal standards when weighing the medical opinion evidence and the record does not support the ALJ's findings regarding Plaintiff's mental limitations. ECF No. 15. Commissioner counters, arguing that the ALJ's findings are proper and supported by substantial evidence. ECF No. 19. Based on the briefing, the record, and the applicable law, the Court recommends that Plaintiff's motion for summary judgment be granted and Defendant's motion for summary judgment be denied.

## I. BACKGROUND

Plaintiff is 49 years old, R. 79,⁴ and completed high school. R. 79. Plaintiff worked as an auto parts delivery driver and as a composite job of inventory clerk and warehouse worker. R. 28, 103–106. Plaintiff alleges a disability onset date of

---

³ On October 12, 2021, the district judge before whom this case is pending referred it for all pretrial purposes pursuant to 28 U.S.C. § 636(b)(1). Order, ECF No. 7. The parties' motions for summary judgment are appropriate for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

⁴ "R." citations refer to the electronically filed Administrative Record, ECF No. 9.

February 6, 2015. R. 15. Plaintiff claims he suffers physical and mental impairments. R. 115.

On February 6, 2015, Plaintiff filed his application for DIB and SSI under Titles II and XVI of the Act. R. 354–55. Plaintiff based[5] his application on bulging discs in back/torn, arthritis in spine, thin spinal cord, and acid reflux. R. 437. The Commissioner denied his claim initially, R. 194–99, and on reconsideration. R. 205–12.

A hearing was held before an Administrative Law Judge ("ALJ") on September 20, 2017. R. 40–66. An attorney represented Plaintiff at the hearing. R. 40. Plaintiff, a medical expert, and a vocational expert ("VE") testified at the hearing. R. 41. On October 23, 2017, the ALJ issued a decision denying Plaintiff's request for DIB and SSI. R. 162–88. The Appeals Council granted Plaintiff's request for review on December 9, 2019, vacating the ALJ's decision and remanding the case to another ALJ for further administrative proceedings. R. 189–93.

On remand, a hearing was held before a different ALJ on September 9, 2020. R. 67–113. An attorney represented Plaintiff at the hearing. R. 67. Plaintiff and a VE testified at the hearing. R. 68. On October 20, 2020, the ALJ issued a decision

---

[5] The relevant time period is February 6, 2015—Plaintiff's alleged onset date—through December 31, 2021—Plaintiff's last insured date. R. 17–18, 76. The Court will consider medical evidence outside this period to the extent it demonstrates whether Plaintiff was under a disability during the relevant time frame. *See Williams v. Colvin,* 575 F. App'x 350, 354 (5th Cir. 2014); *Loza v. Apfel,* 219 F.3d 378, 396 (5th Cir. 2000).

3

denying Plaintiff's request for DIB and SSI.[6] R. 12–39. The Appeals Council denied Plaintiff's request for review, thus upholding the ALJ's decision to deny disability benefits. R. 1.

Plaintiff appealed the Commissioner's ruling to this court. Compl., ECF No. 1.

## II. STANDARD OF REVIEW

The Social Security Act provides for district court review of any final decision of the Commissioner that was made after a hearing in which the claimant was a party. 42 U.S.C. § 405(g). In performing that review:

---

[6] An ALJ must follow five steps in determining whether a claimant is disabled. 20 C.F.R. § 416.920(a)(4). The ALJ here determined Plaintiff was not disabled at step five. R. 29. At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity since his alleged onset date. R. 18 (citing 20 C.F.R. 404.1571 *et seq.* and 20 C.F.R. 416.971 *et seq.*). At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine, hypertension, anxiety/depression, obesity, acid reflux disease, heart palpitations, carpal tunnel syndrome, and fibromyalgia. R. 18 (citing 20 C.F.R. 404.1520(c) and 416.920(c)). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in the regulations that would lead to a disability finding. R. 18–20 (referencing 20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). The ALJ found that Plaintiff has the RFC to perform sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a). R. 20–21. However, the ALJ added limitations, including that Plaintiff could occasionally climb ramps and stairs; should never climb ladders, ropes, or scaffolds; could occasionally balance, stoop, kneel, crouch, and crawl; should avoid concentrated exposure to unprotected heights, and wet, slippery, or uneven surfaces; could frequently reach in all directions, including overhead, bilaterally; could frequently handle and finger bilaterally; could occasionally push, pull, and operate foot controls, bilaterally; could remember and follow simple instructions; could perform the tasks assigned, but not at a production rate pace, but can meet the end of day work goals; and could occasionally adapt to changes in the workplace. R. 20–21. At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. R. 28. At step five, based on the testimony of the VE and a review of the report, the ALJ concluded that considering Plaintiff's age, education, work experience, and RFC, Plaintiff could make a successful adjustment to other work that exists in significant numbers in the national economy, including document specialist, order clerk, and addresser. R. 29. Therefore, the ALJ concluded that Plaintiff was not disabled. R. 29.

4

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner …, with or without remanding the cause for a rehearing. The findings of the Commissioner … as to any fact, if supported by substantial evidence, shall be conclusive[.]

*Id.*

Judicial review of the Commissioner's decision denying benefits is limited to determining whether that decision is supported by substantial evidence on the record as a whole and whether the proper legal standards were applied. *Id.*; *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001); *Loza*, 219 F.3d at 393. "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotations omitted). It is "more than a scintilla but less than a preponderance." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). The "threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154.

The Court weighs four factors to determine "whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history." *Conley-Clinton v. Saul*, 787 F. App'x 214, 216 (5th Cir. 2019) (citing *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995)).

5

A reviewing court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner, even if the evidence preponderates against the Commissioner's decision. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). Even so, judicial review must not be "so obsequious as to be meaningless." *Id.* (quotations omitted). The "substantial evidence" standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Singletary v. Brown*, 798 F.2d 818, 822–23 (5th Cir. 1986); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, taking into account whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 823. "Only where there is a 'conspicuous absence of credible choices or no contrary medical evidence' will we find that the substantial evidence standard has not been met." *Qualls v. Astrue*, 339 F. App'x 461, 464 (5th Cir. 2009).

### III. BURDEN OF PROOF

An individual claiming entitlement to disability insurance benefits under the Act has the burden of proving his or her disability. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988). The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or

6

can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d) (1)(A) (2000). The impairment must be proven through medically accepted clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3) (2000). The impairment must be so severe that the claimant is "incapable of engaging in any substantial gainful activity." *Foster v. Astrue*, No. H-08-2843, 2011 WL 5509475, at *6 (S.D. Tex. Nov. 10, 2011) (citing *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992)). A claimant is eligible for benefits only if the onset of the impairment started by the date the claimant was last insured. *Id.* (citing *Ivy v. Sullivan*, 898 F.2d 1045, 1048 (5th Cir. 1990)).

The Commissioner applies a five-step sequential process to determine disability status. *Id.* The claimant bears the burden of proof at the first four steps to establish that a disability exists. *Farr v. Astrue*, No. G-10-205, 2012 WL 6020061, at *2 (S.D. Tex. Nov. 30, 2012). The burden shifts to the Commissioner at step five to show that the claimant can perform other work. *Id.* The burden then shifts back to the claimant to rebut this finding. *Id.* If at any step in the process the Commissioner determines that the claimant is or is not disabled, the evaluation ends. *Id.*

IV. **PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT.**

Plaintiff raises two issues. First, Plaintiff argues that the ALJ failed to consider the opinions of treating doctors Dr. David Wallace and Dr. Stephen Esses in accordance with 20 C.F.R. §§ 404.1527 and 416.927 and provide "good cause"

7

for discrediting their opinions. ECF No. 15 at 20–33. Second, Plaintiff argues that the ALJ erred by determining the functional effect of his mental impairments based upon her own lay interpretation of the evidence of record and her own medical opinion. ECF No. 15 at 33–39. Defendant counters that the ALJ properly weighed the opinions of Dr. Wallace and Dr. Esses and provided a supported evaluation of Plaintiff's mental impairments and their impact on his RFC. ECF No. 19 at 7–12. The Court finds that although the ALJ considered the medical evidence, she substituted her opinion for the medical experts regarding Plaintiff's mental impairments, requiring remand.

### A. The ALJ Did Not Properly Conduct the Plaintiff's RFC Analysis.

Between the third and fourth steps of the sequential analysis, the ALJ must decide the claimant's RFC, which is defined as "the most the claimant can still do despite his [or her] physical and mental limitations . . . based on all relevant evidence in the claimant's record." *Winston v. Berryhill*, 755 F. App'x 395, 399 (5th Cir. 2018) (citation omitted). The RFC determination is the "sole responsibility of the ALJ." *Taylor v. Astrue*, 706 F.3d 600, 602–03 (5th Cir. 2012) (quoting *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1999)).

When making the RFC determination, the ALJ must consider all medical opinions contained in the record. *Id.*; 42 U.S.C. § 405(b)(1). The ALJ must "incorporate limitations into the RFC assessment that were most supported by the

record." *Conner v. Saul*, No. 4:18-CV-657, 2020 WL4734995, at *8 (S.D. Tex. Aug 15, 2020) (citing *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991)). As an administrative factfinder, the ALJ is entitled to significant deference in deciding the appropriate weight to accord the various pieces of evidence in the record, including the credibility of medical experts and the weight to be accorded their opinions. *See Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985).

> 1. *The ALJ discounted the only medical opinions regarding Plaintiff's mental limitations.*

Plaintiff argues that the ALJ improperly evaluated the medical opinions of record and relied on her own assessment of Plaintiff's mental limitations when formulating her RFC determination. ECF No. 15 at 33–39. Plaintiff contends that had the ALJ obtained a medical assessment on the effect of Plaintiff's mental impairments upon his ability to work, it might have established that Plaintiff is more limited in his mental functioning than the ALJ assessed and that finding would have led the ALJ to arrive at a different conclusion as to whether Plaintiff is disabled within the meaning of the Act. *Id.* at 38.

On April 21, 2015 and September 26, 2015, respectively, state agency medical consultants ("SAMCs") opined that Plaintiff did not have a severe mental impairment. R. 118 (4/21/15); R. 155 (9/26/15). In making this finding, the SAMCs opined that Plaintiff did not have more than mild limitations in any of the "B criteria" of the mental listing(s). R. 118 (4/21/15); R. 156 (9/26/15). The ALJ found these

9

opinions to be unpersuasive. R. 27–28. In dismissing them, the ALJ noted that Plaintiff's August 2015 psychological consultative examination showed the presence of severe mental impairments, and the evidence of record supported a finding that Plaintiff's mental impairments have more than a minimal impact on his ability to perform work related activities. R. 28.

However, the ALJ found persuasive the opinion of psychological consultative examiner Dr. Barbra Martinez. R. 28. Dr. Martinez opined that Plaintiff was diagnosed with major depressive disorder, recurrent, mild, and that "with the stabilization of physical pain and depression symptoms, [he] is likely to be able to sustain and maintain daily life and occupational responsibilities." R. 722–23 (8/24/15). Dr. Martinez's report further noted that Plaintiff exhibited goal directed thinking, an appropriate affect, a depressed mood, an intact memory, adequate concentration and attention, adequate judgment, and adequate insight. R. 721–22 (8/24/15). In finding Dr. Martinez's opinion persuasive, the ALJ noted that her opinion is supported by examination findings and is consistent with the evidence of record. R. 28.

Plaintiff argues that Dr. Martinez's opinion is not a "medical opinion" as defined by 20 C.F.R. § 404.1427(a)(1), and that therefore the ALJ may not rely on Dr. Martinez's opinion as support for her RFC determination. ECF No. 15 at 34–35. Plaintiff contends that Dr. Martinez's opinion that "with stabilization of physical

pain and depression symptoms, [he] is likely to be able to sustain and maintain daily life and occupational responsibilities" is a legal conclusion reserved for the Commissioner, and as such it carries no special significance. *Id.* at 35. The Court agrees.

For claims filed before March 27, 2017, a "medical opinion" is defined by 20 C.F.R. § 404.1427(a)(1) as "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1427(a)(1). While Dr. Martinez reported Plaintiff's symptoms, R. 719, a diagnosis of major depressive disorder, recurrent, mild, R. 722, and a "guarded" prognosis, R. 723, she did not offer an opinion on what work-related limitations resulted from Plaintiff's mental impairments. Rather, Dr. Martinez stated that "with stabilization of physical pain and depression symptoms, [Plaintiff] is likely to be able to sustain and maintain daily life and occupational responsibilities." R. 723. Dr. Martinez's statement that Plaintiff is likely to be able to sustain and maintain occupational responsibilities, however, is a finding reserved to the Commissioner, and is not a medical opinion within the meaning of the regulation. 20 C.F.R. § 404.1527(d)(3); *see Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003) (holding that a doctor's opinion that the plaintiff was unable to work is a legal conclusion reserved for the Commissioner, and is not a

11

medical opinion within the meaning of the regulation); *Phillips v. Berryhill*, No. 3:17-CV-12, 2018 WL 1532382, at *4 (N.D. Tex. Mar. 27, 2018) ("Opinions on issues reserved to the Commissioner, like the ultimate issue of disability, are not medical opinions . . . ." (quoting *Orange v. Colvin*, No. 15-246-JJB-RLB, 2016 WL 4034798, at *4 (M.D. La. June 14, 2016))).

Finding the opinions of the SAMCs to be unpersuasive, there were no other medical source opinions on which the ALJ relied in formulating the mental limitations contained in the RFC. Nonetheless, the ALJ concluded that the objective medical evidence supported the RFC determination. R. 28. However, Dr. Martinez's statement was not a medical opinion within the meaning of the regulation, *see Frank*, 326 F.3d at 620, and the ALJ discussed no objective medical evidence in making this conclusion, failing to provide analysis or reasoning for her determination. *See Jackson v. Colvin,* 240 F. Supp.3d 593, 604 (E.D. Tex. 2017) (finding that where the ALJ failed to identify the medical evidence of record he believed was inconsistent with the medical opinion in the paragraph discounting the opinion or elsewhere, the decision was wholly unsupported by analysis or reasoning).

> 2. *The ALJ improperly substituted her lay opinion for that of the medical experts.*

In formulating the RFC, the ALJ discounted the only medical opinions in the record regarding Plaintiff's mental limitations and found persuasive the statement of a medical source that is not a medical opinion within the meaning of the regulation.

Although the ALJ is generally tasked with weighing medical opinions and determining a plaintiff's RFC, *Taylor*, 706 F.3d at 602-03, "an ALJ may not—without opinions from medical experts—derive the applicant's residual functional capacity based solely on the evidence of his or her claimed medical conditions. Thus, an ALJ may not rely on his own unsupported opinion as to the limitations presented by the applicant's medical conditions." *Williams v. Astrue*, 355 F. App'x 828, 832 n.6 (5th Cir. 2009) (citing *Ripley*, 67 F.3d at 557); *see also Frank*, 326 F.3d at 622 (warning an ALJ "must be careful not to succumb to the temptation to play doctor," as "lay intuitions about medical phenomena are often wrong") (quotations omitted). This is particularly true in questions of mental impairment because "[d]etermining whether a claimant is disabled because of a mental condition under the … sequential process can be a difficult task." *Singletary*, 798 F.2d at 820. "Consequently, when the ALJ rejects the only medical opinions of record, interprets the raw medical data, and imposes a different RFC, the ALJ has committed reversible error." *Garcia v. Berryhill*, No. 17-CV-263, 2018 WL 1513688, at *2 (W.D. Tex. Mar. 27, 2018) (collecting cases); *accord Allen v. Saul*, No. 4:19-cv-1575, 2020 WL 5412630, at *7 (S.D. Tex. Sept. 9, 2020); *Beachum v. Berryhill*, No. 17-CV-95, 2018 WL 4560214, at *4 (W.D. Tex. Sept. 21, 2018).

Although ALJ acknowledged that Plaintiff has severe mental impairments that "significantly limit the ability to perform basic work activities," R. 18, and cause

marked limitations in understanding, remembering, or applying information, mild limitations in interacting with others, moderate limitations in concentration, persistence, or pace, and moderate limitations in adapting or managing himself, R. 19–20, the ALJ concluded that Plaintiff can remember and follow simple instructions, can perform tasks assigned, but not at a production rate pace, but can meet end of day work goals, and can occasionally adapt to changes in the workplace. R. 21. Yet, there were no medical opinions that the ALJ relied on when reaching this determination regarding Plaintiff's mental limitations. Instead, the ALJ improperly substituted her opinion without reasoning and analysis for the opinions of medical experts to formulate an RFC. *See, e.g.*, *Allen*, 2020 WL 5412630, at *7 (remanding when the ALJ gave little weight to opinions of treating psychiatrists and partial weight to the SAMCs' who did not review the most recent records, thereby improperly interpreting the raw medical data to formulate the RFC); *Beachum*, 2018 WL 4560214, at *3–4 (noting that the ALJ, by her own admission, dismissed the medical consultant's opinion and thus improperly determined the RFC based on her lay opinion); *Garcia*, 2018 WL 1513688, at *3 ("[T]he ALJ rejected all opining physicians, credited no ascertainable portions of their opinions, cited raw medical data, and made judgments regarding Plaintiff's RFC.") (citation omitted).

"Accordingly, the Court can only conclude that the ALJ substituted [her] own judgment over the medical opinions of the physicians of record." *Garcia*, 2018 WL

1513688, at *3. Therefore, substantial evidence does not support the ALJ's RFC findings concerning Plaintiff's mental limitations.

### B. The ALJ's Error Harmed Plaintiff.

Reversal of an ALJ's decision is only warranted if the claimant shows that he was prejudiced by the ALJ's error. *Ripley*, 67 F.3d at 557. A claimant establishes prejudice by showing that the ALJ could have reached a different outcome but for the error in question. *Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000). At step two of the sequential analysis the ALJ acknowledged that Plaintiff has severe mental impairments that cause work-related limitations. R. 19. Therefore, it is conceivable that had the ALJ obtained a medical opinion establishing the effect of Plaintiff's mental impairment upon his ability to perform basic work-related activities, the ALJ might have reached a different decision. Remand is both appropriate and necessary.

Because the Court finds that the ALJ committed harmful error when she rejected the only medical opinions regarding Plaintiff's mental limitations and formulated a RFC determination based on her own lay opinion, the Court declines to address Plaintiff's second argument as an alternative ground for summary judgment.[7] *See, e.g., McNickles v. Thaler*, No. H-10-3493, 2012 WL 568069, 2012 WL 568069, at *5 (S.D. Tex. Feb. 21, 2012) (declining to address alternative

---

[7] Plaintiff further contends that the ALJ failed to evaluate the opinions of treating doctors Dr. Wallace and Dr. Esses in accordance with 20 C.F.R. §§ 404.1527 and 416.927 and provide "good cause" for discrediting their opinions. ECF No. 15 at 20–33.

summary judgment ground because respondent was already entitled to summary judgment).

On remand, the ALJ will be required to follow the rules regarding RFC determinations in place when Plaintiff filed his claim. For claims filed prior to March 27, 2017, an ALJ is required to evaluate every medical opinion in the case record regardless of its source, and unless a treating medical source's opinion is given "controlling weight," [8] the ALJ is to consider all six factors explicated in §§ 404.1527(c), 416.927(c) "in deciding the weight to give to any medical opinion." *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001); *Newton*, 209 F.3d at 455–56; *see* 20 C.F.R. §§ 404.1527(b), (c), 416.927(b), (c). Fifth Circuit precedent requires the ALJ to give "controlling weight" to the opinion of a treating medical source if that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with other substantial evidence in the record." *Newton*, 209 F.3d at 455. The opinion of a treating doctor may be assigned little to no weight when the ALJ finds that there is good cause. *Littleton v. Comm'r of Soc. Sec.*, No. 6:16-CV-14, 2017 WL 1397128, at *6 (S.D. Tex. Feb. 22, 2017). Good cause exists when the "treating physician's evidence is conclusory, is

---

[8] For claims filed after March 27, 2017, the new guidelines no longer require the ALJ to defer or give any specific evidentiary weight to any medical opinion or prior administrative finding. 20 C.F.R. § 404.1520c(a). Because Plaintiff's claim was filed on February 6, 2015, this new rule does not apply.

unsupported by medically accepted clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Id.* (citing *Brown*, 192 F.3d at 500; *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994)). Medical opinions of examining physicians, even those who do not have a treating relationship with the claimant, are also entitled to additional weight. *Johnson v. Colvin*, No. 4:13-CV-362, 2014 WL 12537079, at *10; 20 C.F.R. §§ 404.1527(c)(1); 416.927(c)(1) ("Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you.").

## V. CONCLUSION

The Court **RECOMMENDS** that Plaintiff's motion for summary judgment, ECF No. 15, should be **GRANTED,** and Commissioner's motion for summary judgment, ECF No. 19, should be **DENIED**. Commissioner's determination that Plaintiff is not disabled should be **VACATED**. This case should be **REMANDED** to the Commissioner for further proceedings consistent with this opinion.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.** *Ortiz v. City of San Antonio Fire Dep't*, **806 F.3d 822, 825 (5th Cir. 2015).**

**SIGNED** at Houston, Texas, on July 27, 2022.

*Dena Palermo*
_____

**Dena Hanovice Palermo**
**United States Magistrate Judge**