United States District Court
Southern District of Texas
**ENTERED**
December 22, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KEVIN L.,[1] § | |
| § | |
| *Plaintiff,* § | |
| § | No. 4:21-cv-2160 |
| v. § | |
| § | |
| KILOLO KIJAKAZI,[2] § | |
| Acting Commissioner of Social § | |
| Security, § | |
| § | |
| *Defendant*. § | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO RECOVER ATTORNEY'S FEES

Pending before the Court is Plaintiff Kevin L.'s motion to recover attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Pl.'s Mot., ECF No. 27.[3] The Commissioner of the Social Security Administration ("Commissioner") filed a response, stating she does not oppose the

---

[1] The Court uses only Plaintiff's first name and last initial. *See* "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions," Committee on Court Administration and Case Management of the Judicial Conference of the United States (May 1, 2018).

[2] The suit was originally filed against Andrew Saul, the then-Commissioner of the Social Security Administration ("SSA"). Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi has been automatically substituted as Defendant.

[3] The District Judge to whom this case is assigned referred Plaintiff's motion for attorney's fees. ECF No. 27. Order, ECF No. 25. A motion for attorney's fees is appropriate for report and recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B).

1

motion. ECF No. 30. Based on the briefing, the evidence, and the applicable law, the Court determines that Plaintiff's motion should be granted as modified below.

## I. LEGAL STANDARD FOR THE EAJA

The EAJA permits the recovery of attorney's fees in proceedings for judicial review of an agency's action. 28 U.S.C. § 2412(d)(1)(A). The purpose is to "ensure adequate representation of those who need it and to minimize the costs of this representation to taxpayers." *Day v. Comm'r Soc. Sec. Admin.*, No. 6:16-CV-00210, 2017 WL 4417682, at *1 (E.D. Tex. Oct. 31, 2017); *see Murkeldove v. Astrue*, 635 F.3d 784, 793 (5th Cir. 2011) (purpose is to eliminate the financial disincentive for an average person to challenge unreasonable government actions).

In a civil action brought against the United States, the claimant is entitled to attorney's fees under the EAJA when the following elements are met: (1) the claimant is the prevailing party, (2) the claimant timely files a fee application, (3) the Court finds the position of the Government was not substantially justified, and (4) no special circumstances make the award unjust. *Brian K. L. v. Comm'r of Soc. Sec.*, No. 4:20-CV-02810, 2022 WL 2704851, at *1 (S.D. Tex. July 12, 2022) (citing 28 U.S.C. § 2412(d)(1)(A)-(B)).

The Court previously found that the ALJ erred when she discounted the only medical opinions regarding Plaintiff's mental limitations and improperly substituted her lay opinion for that of the medical experts; thus, the Court remanded the case for

further proceedings. R&R, ECF No. 21 at 8-17; Order adopting R&R, ECF No. 22 at 1-2. The claimant is a prevailing party when the district court remands a social security action under sentence four of 42 U.S.C. § 405(g).[4] *Shalala v. Shaefer*, 509 U.S. 292, 299-301 (1993); *Mathews v. Berryhill*, No. 4:18-CV-04795, 2020 WL 242487, at *1 (S.D. Tex. Jan. 16, 2020). Thus, Plaintiff is the prevailing party, he timely[5] filed his motion for attorney's fees, and the government's position was not substantially justified. No special circumstances make the award of fees unjust.

## II.   ANALYSIS

Plaintiff's counsel seeks an award of $8,338.15. ECF No. 27 at 6. He submitted evidence supporting an hourly rate of $211.36 for 39.5 attorney hours worked in 2021 and 2022. ECF No. 27 at 6; ECF No. 27-6; ECF No. 27-7 at 2-5.[6] The Commissioner filed a response stating she does not oppose Plaintiff's motion.

---

[4] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." 42 U.S.C. § 405(g), sentence four.

[5] After the district court renders judgment, a party has 30 days from the time that the judgment becomes final to seek an EAJA award. The district court's judgment becomes final when it can no longer be appealed. 28 U.S.C. § 2412(d)(2)(G). In suits in which a federal officer is a party, the time for appeal does not end until 60 days after the entry of a Rule 58 judgment. *Freeman v. Shalala*, 2 F.3d 552, 554 (5th Cir. 1993). Thus, a party has 30 days after this 60-day time period to seek an EAJA award of fees. In this case, the Court issued a judgment on August 11, 2022, ECF No. 23, which became final after sixty days, on October 10, 2022. Plaintiff had thirty days from October 10, 2022 to file his motion for attorney's fees. Plaintiff filed his motion on November 9, 2022, and thus the motion is timely. ECF No. 27.

[6] Plaintiff's itemized statement shows that Plaintiff's counsel worked 2.8 hours in 2021 and 36.7 hours in 2022, ECF No. 27-7.

ECF No. 30 at 1.

Nonetheless, the Court must determine whether the fee is reasonable, requiring an examination of the hours worked and the rate sought. *Matthews*, 2020 WL 242487, at *2 (citing *Chargois v. Barnhart*, 454 F. Supp.2d 631, 634 (E.D. Tex. 2006)). Typically, in Social Security cases, fee applications range from twenty to forty hours. *Id.*[7] Plaintiff's counsel claims 39.5 hours, which is within the typical range of hours for this type of case. Having reviewed the record in this case, the Court finds that the number of hours sought is reasonable and supported.

Counsel's hourly rate is higher than the statutory rate of $125,[8] requiring a finding that the increase in the cost of living or a special factor justifies a higher fee. *See* 28 U.S.C. § 2412(d)(2)(A)(ii). The court has wide discretion in calculating any increase in the hourly rate. *Matthews*, 2020 WL 242487, at *2.

Courts routinely use cost-of-living adjustment based on the CPI report the United States Bureau of Labor Statistics compiles. *E.g.*, *Chargois*, 454 F.Supp.2d at 634 (collecting cases); *Day*, 2017 WL 4922048, at *2. Based on the region where

---

[7] Courts award attorney's fees pursuant to the EAJA only for those hours incurred in the civil action, not the administrative proceedings. The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action, brought by or against the United States in any court having jurisdiction of that action." 28 U.S.C. § 2412(d)(1)(A).

[8] The EAJA dictates that attorney's fees shall not be awarded in excess of $125 per hour, unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. *See* 28 U.S.C. § 2412(d)(2)(A)(ii).

services were performed, the court will use the average annual CPI for the year the last time the rate changed as a base rate, and then compare it to the average annual CPI for when the attorney provided the legal services. *See Chargois*, 454 F.Supp.2d at 634; *see also Perales v. Casillas*, 950 F.2d 1066, 1079 (5th Cir. 1992) (instructing the court on remand to "segregate the attorneys' hours by year and apply the appropriate cost-of-living adjustment on an annual basis"). If the CPI increased from the time the hourly rate changed to the time the services were performed, "the court calculates the percentage difference and approves an excess hourly fee corresponding to the calculated percentage increase." *Chargois*, 454 F.Supp.2d at 634.

Here, the services were performed in the Houston area, where this court is located. *See Brian K. L.*, 2022 WL 2704851, at *3 n.7 (applying data specific to the area where the court case is pending). Plaintiff's counsel is claiming fees for work performed in 2021 and 2022. The hourly rate last changed in 1996 and was increased to $125 per hour; at that time, the annual average CPI for Houston-The Woodlands-Sugar Land, TX was 142.7.[9] Based on the case law, the Court calculates the hourly

---

[9] Plaintiff proposed that the prevailing rate should be determined using the CPI for Dallas-Fort Worth-Arlington, TX and attached the CPI table for that region. *See* ECF No. 27 at 5; ECF No. 27-3. However, the appropriate region is where the services were performed, which is where the court is located. *Mesecher v. Berryhill*, No. 4:15-CV-0859-BL, 2017 WL 4417682, at *2 (N.D. Tex. Oct. 3, 2017) (finding the use of city-specific data where the court was located appropriate). This Court has issued multiple opinions granting EAJA attorney's fees that explain the precise calculations and how the rates were derived. The Court routinely relies on the CPI for the Houston-The Woodlands-Sugar Land, TX. *See, e.g.*, *Lonnie Rai R. v. Kijakazi*, No. 4:21-CV-2270, 2022

rates for 2021 and 2022 as follows:

- In 2021, the CPI for Houston-The Woodlands-Sugar Land, Texas was 238.975. The percentage difference between 1996 and 2021 is 167.467% (238.975/142.7). Therefore, the hourly rate for 2021 is $209.33. (167.467% x 125).

- In 2022, the CPI for Houston-The Woodlands-Sugar Land, Texas was 262.423. The percentage difference between 1996 and 2022 is 183.898% (262.423/142.7). Therefore, the hourly rate for 2022 is $229.87. (183.898% x 125).

Using these calculated hourly rates, the Court determines the appropriate fee for Plaintiff's counsel based on the hours worked. In 2021, Plaintiff's attorney worked 2.8 hours; at $209.33 per hour, his fee is $586.12. In 2022, two of Plaintiff's attorneys worked 36.7 hours; at $229.87 per hour, their fee is $8,436.23. The sum of the 2021 and 2022 fees is $9,022.35 for 39.5 hours, which is slightly more than the Plaintiff requested. To promote uniformity in the division, the Court uses the rates as calculated. *Mesecher*, 2017 WL 4417682, at *2 ("Use of such data promotes fee

---

WL 16823071, at *3 (S.D. Tex. Nov. 8, 2022); *Brian K. L. v. Comm'r of Soc. Sec.*, No. 4:20-CV-02810, 2022 WL 2704851, at *3 (S.D. Tex. July 12, 2022); *Deborah S. v. Comm'r of Soc. Sec.*, No. 4:20-CV-01580, 2022 WL 393834, at *3 (S.D. Tex. Feb. 9, 2022). The Court obtained CPI numbers used to calculate Plaintiff's attorney's fees from this chart. *See* CPI for All Urban Consumers (CPI-U), Houston-The Woodlands-Sugar Land, TX, https://data.bls.gov/timeseries/CUURS37BSA0?amp%253bdata_tool=XGtable&output_view=data&include_graphs=true (last visited December 19, 2022).

rates that are uniform within a particular district court division." (internal citations omitted)); *accord Brian K. L.*, 2022 WL 2704851, at *3 (the court determined, for Houston, the 2021 rate was $209.33 and the 2022 rate was $224.85).

The Court finds that a fee of $9,022.35 is reasonable for 39.5 hours worked. *Lonnie Rai R. v. Kijakazi*, No. 4:21-CV-2270, 2022 WL 16823071, at *3 (S.D. Tex. Nov. 8, 2022) (approving $6,393.55 in fees for 28.4 hours in attorney time); *Deborah S. v. Comm'r of Soc. Sec.*, No. 4:20-CV-01580, 2022 WL 393834, at *3 (S.D. Tex. Feb. 9, 2022) (approving $4,827.14 in fees for 20.4 hours in attorney time and other fees); *Burkhart v. Saul*, No. 2:20-CV-155, 2021 WL 5154786, at *3 (S.D. Tex. Aug. 2, 2021) (approving $8,456.32 in fees for 42.2 hours in attorney time and other fees); *Matthews*, 2020 WL 242487, at *4 (approving $6,691.13 for 29.5 hours in attorney time and other fees).

### III. CONCLUSION

Finding it meritorious, the Court **RECOMMENDS** that Plaintiff's motion for attorneys' fees be **GRANTED**, and Defendant be **ORDERED** to pay $9,022.35 pursuant to the Equal Access to Justice Act directly to Plaintiff.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review**

of factual findings or legal conclusions, except for plain error. *Ortiz v. San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

**SIGNED** at Houston, Texas, on December 22, 2022.

_____
**Dena Hanovice Palermo
United States Magistrate Judge**